UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLARENCE SCOTT,

        Petitioner,                          Case No. 99-10274
                                                            Honorable David M. Lawson

v.

BARBARA BOCK,

        Respondent.
_____/

## OPINION AND ORDER DENYING PETITIONER'S MOTION
## FOR ISSUANCE OF ABSOLUTE WRIT OF HABEAS CORPUS

On January 13, 2003, this Court issued a writ of habeas corpus that ordered the petitioner's release unless the State of Michigan held a new trial on the charge of first-degree murder within ninety days. The Court issued a stay of its order pending appeal, and after affirmance and issuance of an appellate court mandate, the trial deadline became May 16, 2005. The State failed to honor that deadline, although the petitioner later entered a guilty plea to second-degree murder. Now he seeks an order from this Court vacating his new conviction and commanding his immediate release. The Court heard the parties' arguments in open court on September 3, 2008 and now concludes that the State's failure to bring the petitioner to trial within the time set by the Court did not deprive the State of jurisdiction, and this matter does not fall within that narrow category of cases in which extraordinary circumstances would bar retrial. Therefore, the petitioner's motion will be denied.

I.

Petitioner Clarence Scott's original trial took place in 1995. He was convicted of the first-degree premeditated murder, first-degree felony murder, and possession of a firearm during the commission of a felony (felony firearm) for killing a single victim during robbery at a fast food

restaurant near the Detroit Metropolitan Airport in Romulus, Michigan. The state court sentenced the petitioner to two consecutive life imprisonment terms for the two murder counts, and a consecutive two-year term for his firearm conviction. The Michigan Court of Appeals later vacated a felony murder conviction on double jeopardy grounds, *People v. Scott*, No. 184480, 1997 WL 33347912, at *3 (Mich. App. May 30, 1997), and this Court's finding of constitutional infirmity in the present matter required retrial of the remaining murder conviction. Because the defendant had already served the two-year term on the felony firearm conviction by the time he brought his first habeas petition, it was never subject of this Court's consideration.

The State appealed, but the matter was handled by the Wayne County, Michigan prosecutor's office instead of the state attorney general. This Court granted a stay pending the appeal and refused Mr. Scott's request for release pending appeal. The Sixth Circuit affirmed this Court's ruling, and the Supreme Court denied *certiorari*. *See Scott v. Gundy*, 100 Fed. Appx. 476, 2004 WL 1303235 (6th Cir. June 9, 2004) (unpublished), *cert. denied,* 543 U.S. 1089 (2005). The court of appeals then issued the mandate on February 14, 2005, beginning anew the ninety-day time period within which a new trial must commence, which ended on May 16, 2005.

Despite the deadline and the conditional nature of the writ, however, the state remained indifferent about retrying Mr. Scott. The initial momentum of the local prosecutor's office "to act quickly to retry the case" apparently stalled, and the State did not initiate any proceedings in Wayne County until May 18, 2005, two days after the ninety-day deadline. *See* Cadillac News, Online Edition, *Court Decision Requires New Trial in 1994 Murder*, Jan. 19, 2005, Ex. A to Pet.'s Reply to Respondent's Answer to Br. in Support of Suppl. Habeas Petition [dkt # 52]; Respondent's Answer to Br. in Support of Suppl. to Habeas Petition [dkt # 51], at 5. During that May 18, 2005

hearing before state circuit judge Edward Ewell, assistant Wayne County prosecuting attorney Elizabeth Walker attributed the delay to her ignorance of the deadline and her lack of knowledge of how to bring the prisoner to Wayne County. Although it was her office that represented the State in the federal habeas proceedings, she explained, remarkably:

> While I was aware that the habeas court had given him relief and new trial was to be ordered I was not aware of the time lines.
>
> There was no other triggering mechanism to get him here until I received a call, or our office received a call yesterday from the authorities in Ionia that someone needed to come get – and get him. At that point we made arrangements.

Ex. C, Pet.'s Reply to Respondent's Answer to Br. in Support of Suppl. to Habeas Petition [dkt # 52], at 5. The hearing transcript reveals that the petitioner's just-appointed counsel likewise was in the dark about the procedural posture of the case, but, urged by Mr. Scott, counsel noted that he wished to do everything not to prejudice his client's rights to seek relief under the ninety-day order, including seeking dismissal.

The case then proceeded slowly through the system to a pretrial services report ordered on May 18, 2005, a calendar conference two days later, the "final" conference on June 24, 2005, and a hearing on August 8, 2005, where Mr. Scott expressed discontent with his attorney's services. Still no trial was held. During the August 8 hearing, the state trial court, apparently confused by the federal nomenclature, opined on the subject of the ninety-day deadline that "dismissal of the case is not the remedy" for its violation. *Id.*, Ex. E, at 5. The court analogized a ninety-day order to the state 180-day rule:

> It's just kinda' like the 180-day rule. Just because you don't proceed doesn't mean dismissal is the recourse. There could be credit; it could be the fact that the person is credited. They'd still have to show prejudice of how this defendant – there's a standard. There's nothing that says, "Boom, you're out of here, because you violate," especially a time ordinance. And that's the problem.

*Ibid*. At that same hearing, Wayne County circuit court judge Vonda R. Evans, after much hesitation about the strength of evidence absent the confession, finally made a ruling on the petitioner's new bond, resolving to "keep [it] as it is." *Id.*, Ex. E, at 10-11.

Trial was then scheduled to begin on September 20, 2005, over four months after the expiration of this Court's retrial deadline. However, instead of a trial, the petitioner opted to enter a guilty plea to second-degree murder and possession of a firearm during the commission of a felony under an agreement capping his sentence at twenty-eight years for the murder and two years for the felony firearm count.

The petitioner now seeks to invalidate his plea, asserting that his counsel at that stage was ineffective, and the state court was without jurisdiction to accept the guilty plea because of the state's violation of the ninety-day deadline. The petitioner also seeks an order unconditionally granting habeas relief and a determination that he should be released from incarceration for non-compliance with the deadline set forth in the Court of Appeals mandate.

II.

District courts generally favor conditional grants of the writ of habeas corpus because they provide the state with a window of opportunity to cure the error identified in the conditional grant. *Satterlee v. Wolfenbarger*, 453 F.3d 362, 369 (6th Cir. 2006). Apart from affording time to the state, conditional writs serve another important purpose: accommodating concerns of federalism and comity between co-equal sovereigns. *See Hilton v. Braunskill*, 481 U.S. 770, 775 (1987). The only appreciable difference between a conditional and an absolute grant of a habeas writ is that "the former lies latent unless and until the state fails to perform the established condition, at which time the writ springs to life." *Gentry v. Deuth*, 456 F.3d 687, 692 (6th Cir. 2006). But like an absolute

grant, the conditional grant represents a final order that "ordinarily and ideally operate[s] automatically, that is, without the need for the district court to act further." *Ibid*.

When the state fails to comply with the order's conditions, a conditional grant of a writ of habeas corpus requires the petitioner's release from custody. *Satterlee*, 453 F.3d at 369; *see also Fisher v. Rose*, 757 F.2d 789, 791 (6th Cir. 1985); *Wilkinson v. Dotson*, 544 U.S. 74, 86-87 (2005) (Scalia, J., concurring) ("Conditional writs enable habeas courts to give States time to replace an invalid judgment with a valid one, and the consequence when they fail to do so is always release."). Such requirement of release is not absolute, however. District courts retain jurisdiction over the conditional grant cases and possess broad discretion in assessing the extent of the state's compliance with their orders and the legitimacy of reasons the state might offer for the lack of or delay in compliance. *See Gentry v. Deuth*, 456 F.3d at 692. When a petitioner alleges non-compliance with a conditional order, the district court must evaluate whether the state's action was sufficient to cure the error and assess any prejudice resulting to the petitioner from non-compliance. *McKitrick v. Jeffreys*, 255 Fed. Appx. 74, 76, 2007 WL 4012561, at *2 (6th Cir. Nov. 15, 2007) (unpublished). Although it is well within the district court's power to order the release of the prisoner when the state does not fulfill the outlined conditions exactly, *see Satterlee*, 453 F.3d at 369, it is equally within the court's prerogative to deny release of the petitioner and nullification of the conviction based on the state's substantial compliance with the conditions. *See, e.g., Santos-Rosario v. Renico*, No. 05-CV-70456 (E.D. Mich. March 30, 2006) (unpublished) (refusing to release the petitioner based on substantial compliance when the state was two weeks late in appointing appellate counsel); *Flenoy v. Russell*, 902 F.2d 33 (6th Cir. 1990) (unpublished) (finding substantial compliance when the trial date was originally set eighteen days later than the mandate required and that date was

further postponed for more than six months because of the attorney's conflict of interests); *McKitrick v. Jeffreys*, 255 Fed. Appx. at 76-77, 2007 WL 4012561, at *2-3 (finding substantial compliance with a conditional writ where a counsel was appointed and the hearing was scheduled within ninety days as required, but the new sentence was imposed on the ninety-first day because of the granted continuance). "Although it is preferable for the state to request an extension of time from the district court before the time for compliance expires if the state realizes that the terms of the conditional writ will not be fulfilled within the time frame specified, it is also within the district court's discretion to grant an extension *post-hoc* if the time for compliance has passed." *McKitrick v. Jeffreys*, 255 Fed. Appx. at 76-77, 2007 WL 4012561, at *3 (citation omitted).

The State argues that it complied substantially with this Court's order because it addressed the petitioner's new trial proceedings only two days beyond the ninety-day deadline. That argument is specious. There was no demonstrated effort to bring the petitioner to trial on May 18, 2005. Instead, a conference was held merely to get the ball rolling. Trial was not to come for another four months. The State's attempts to blame the delay on the breakdown in communications between different prosecuting agencies, inability to transfer Mr. Scott to Wayne County, or the ignorance of the State prosecutor about having to retry the petitioner all ring hollow. After all, it was a single prosecutor's office that represented the respondent throughout the proceedings until the present motion was filed. The language of the orders of the court of appeals and this Court is plain, and the obligation set forth in the conditional writ is clear. The casual disregard of this Court's orders is disturbing, if not contumacious. The suggestion that the local prosecutor did not know how to effectuate the transfer of the petitioner to Wayne County for trial strains belief. The conclusion is

inescapable that the prosecution inexcusably failed to carry out the order of this Court and the mandate of the court of appeals.

However, the petitioner's argument that the State's disregard of the Court's order deprives it of jurisdiction to proceed does not find support in the jurisprudence. The Sixth Circuit has held that the state's failure to comply with the conditions of a writ does not usually foreclose a later prosecution by the state based on the original charging documents. *Fisher v. Rose*, 757 F.2d 789, 791 (6th Cir. 1985) ("holding a conviction invalid and granting the writ do not generally bar retrial on the original charge") (quoting *Bromley v. Crisp*, 561 F.2d 1351, 1364 (10th Cir. 1977) (internal quotations omitted)). As long as the prisoner does not remain in custody based on a constitutionally defective conviction, "the state is not precluded from rearresting petitioner and retrying him under the same indictment." *Id.* at 791 (internal citation omitted).

The petitioner in this case was never released from custody and rearrested. But the State held a bond hearing at which the petitioner's release was considered in light of the new circumstances of a weakened prosecution case. The State's delay did not result in the loss of authority to proceed.

The fact that jurisdiction was not lost, however, does not mean that the State can disregard this Court's new trial order with impunity. Consistent with the broad discretion of the habeas court in fashioning a proper remedy, district courts may bar the State from reprosecuting a defendant in "extraordinary circumstances." *Satterlee*, 453 F.3d at 370. Such extraordinary circumstances exist when "the state inexcusably, repeatedly, or otherwise abusively fails to act within the prescribed time period or if the state's delay is likely to prejudice the petitioner's ability to mount a defense at trial." *Ibid*. (citation omitted). As the term "extraordinary" implies, courts should award relief in the form of barring reprosecution sparingly, reserving this drastic remedy for the most outrageous

cases where the prisoner languishes behind prison bars while the State remains passive in the face of accumulating prejudice to the petitioner. *See, e.g., Morales v. Portuondo*, 165 F. Supp. 2d 601, 609 (S.D.N.Y. 2001) (barring reprosecution based upon, among other facts, the defendants' likely innocence, the district attorney's handling of the case, and the severe prejudice to the defendants in their ability to present a defense in a new trial given the significant passage of time). Unless the constitutional violation is not redressable at a new trial, or the second trial would be especially unjust, the bar on reprosecution is difficult to justify. *See Cave v. Singletary*, 84 F.3d 1350, 1359 (10th Cir. 1996) (citing *Capps v. Sullivan*, 13 F.3d 350, 352-53 (10th Cir. 1993) and *Foster v. Lockhart*, 9 F.3d 722, 727 (8th Cir. 1993)).

Despite the State's disregard of the retrial deadline, the Court does not find that extraordinary circumstances bar retrial. The petitioner can point to no prejudice that was caused by the delay. His constitutional rights were not further abridged. And, perhaps most importantly, the petitioner admitted his guilt of the homicide by entering his guilty plea to second-degree murder. It is well established that a voluntary and unconditional plea of guilty waives all nonjurisdictional defects in the proceedings, *United States v. Ormsby*, 252 F.3d 844, 848 (6th Cir. 2001), including those defects that are based on a delay of the start of a criminal defendant's trial, *Drumm v. Parke*, 895 F.2d 1412 (6th Cir. 1990) (unpublished). In this case, imposing a reprosecution bar as a sanction for the State's failure to abide a federal order would be an extreme remedy out of proportion to the local prosecutor's violation, especially where the defendant has admitted his guilt. In weighing the option of deterring future transgressions by the State by preventing an untimely retrial against releasing an acknowledged killer, the balance tips decidedly against the reprosecution bar. To hold otherwise would be a gross example of freeing a criminal solely because of the blunders of the local

prosecutor, which this Court cannot justify in the absence of some demonstrated prejudice or claim of actual innocence.

III.

The Court finds that the State failed to comply with the retrial deadline in this Court's conditional grant of a writ of habeas corpus. However, the State retained jurisdiction to retry the petitioner, which was not destroyed by its failure to comply with the order. Because the delay did not cause any prejudice to the petitioner, the State's failure to comply appears to be due to negligence rather than willfulness, there was no repeated or abusive conduct by the State, and the petitioner has admitted his guilt of the crime charged, extraordinary circumstances do not warrant barring reprosecution. The petitioner is not entitled to release from the sentence imposed upon his new conviction of second-degree murder.

Accordingly, it is **ORDERED** that the petitioner's motion for absolute grant of writ of habeas corpus and for release [dkt # 49] is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: September 12, 2008

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 12, 2008.

s/Felicia M. Moses
FELICIA M. MOSES